Clyde TILTON, Claimant–Appellant,

v.

James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.

No. 2007–7231.

United States Court of Appeals, Federal Circuit.

June 3, 2008.

Hugh D. Cox, Jr., for Claimant–Appellant.

David F. D'Alessandris, Department of Justice, Washington, DC, for Respondent–Appellee.

Before MAYER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs responds to the court's order and requests that the court remand the case to the United States Court of Appeals for Veterans Claims.

The Board of Veterans' Appeals denied Clyde Tilton's claim for an increased rating for residuals of peroneal nerve injury, denied a higher initial rating in excess of 10% for left knee osteoarthritis and an initial rating in excess of 10% for bilateral tinnitus, and denied an evaluation in excess of 10% for bilateral sensorineural hearing loss. The Court of Appeals for Veterans Claims determined that Tilton had not met

his burden of showing that any failure to comply with the notice requirements of 38 U.S.C. § 5103(a) was not prejudicial. Thus, the Court of Appeals for Veterans Claims affirmed the Board's decision.

This case was stayed pending the court's disposition in *Sanders v. Nicholson,* 487 F.3d 881 (Fed.Cir.2007). In *Sanders,* the court held that the initial burden is on the Secretary to prove that any 38 U.S.C. § 5103(a) notice error was nonprejudicial.

In this case, the Secretary concedes that the Court of Appeals for Veterans Claims improperly placed the burden of showing lack of prejudice on Tilton. Thus, the court vacates and remands.

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the Court of Appeals for Veterans Claims is vacated and the case is remanded.

(2) Each side shall bear its own costs.